IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01523-PAB-MJW

ROBERT W. SANCHEZ,

Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster General, U.S. Postal Service,

Defendant.

---

**ORDER ON**
**DEFENDANT'S MOTION TO DISMISS (Docket No. 24)**
**&**
**MOTION TO INTERVENE (Docket No. 32)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff has been pursuing an employment-discrimination complaint through an

administrative maze for over a decade.  At this point, he has filed suit in this Court

(Docket Nos. 1 & 8), and Defendant has moved to dismiss (1) for failure to state a claim

as to discrimination based on national origin or retaliation, and (2) for failure to exhaust

administrative remedies as to discrimination based on disability (Docket No. 24).  The

decade-long odyssey is attributable in part to an administrative class action pending

before the EEOC, which the Court will refer to as the "Pittman Class Action."  The

settlement of the Pittman Class Action is on hold pending this Court's resolution of

Plaintiff's claim, and class counsel seeks to intervene.  (Docket No. 32.)

The parties have consented to magistrate jurisdiction for all purposes under 28

U.S.C. § 636(c).  (Docket Nos. 28 & 30.)  The Court has reviewed the parties' filings

2

(Docket Nos. 24, 31, 32, and 33), taken judicial notice of the Court's entire file in this

case, and considered the applicable Federal Rules of Civil Procedure, statutes,

regulations, and case law.  Now being fully informed the Court denies in part and grants

in part the motion to dismiss, and grants the motion to intervene.

## **Legal Standards**

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).  As stated by then-Chief Judge Babcock in 2001:

> Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter.  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  Statutes conferring jurisdiction on federal courts are to be strictly construed.  A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.
>
> Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true.  Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact.  A court's consideration of evidence outside the pleadings will not convert the motion to dismiss to a motion for summary judgment under Rule 56.

*Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091,

1094–95 (D. Colo. 2001) (internal citations, quotation marks, and alterations omitted).

The Tenth Circuit has recently explained the standards under Rule 12(b)(6):

> . . . To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.  Disregarding conclusory statements, the remaining factual allegations must plausibly suggest the defendant is liable.  A claim for relief is plausible when the plaintiff pleads facts

3

> adequate to draw a reasonable inference that the defendant is liable for
> the alleged misconduct.  Such facts must raise a right to relief above the
> speculative level.

*McDonald v. Wise*, 769 F.3d 1202, 1210 (10th Cir. 2014) (internal citations, quotation

marks, and alterations omitted).

### Facts as Alleged in the Complaint

Plaintiff is disabled for purposes of the Rehabilitation Act.  (Docket No. 1, pp.47–

62 & Docket No. 1-1, pp.1–24.)  He has filed two discrimination charges with the EEOC:

one in July 1994, and one in October 2005.  (Docket No. 1, p.2.)  Both charges asserted

discrimination based on Plaintiff's race/national origin (Hispanic, and of Native American

heritage) as well as his disability.  (Docket No. 1, p.2; Docket No. 1, p.15; Docket No. 1-

1, pp. 25–27).

Plaintiff won on the 1994 charge.  That charge concerned Defendant's overtime

practices—specifically, Defendant's failure to make various forms of overtime available

to employees classified as disabled on equal terms with those not so classified.  (*See*

Docket No. 1, pp.15–18, 22–38.)   Although the Administrative Judge in the case found

no evidence whatsoever of discrimination based on race/national origin (*id.* at pp.39–

40), the judge did find direct and indirect evidence of disability discrimination and

ordered the full panoply of compensatory and injunctive relief (*id.* at pp.40–43).

Plaintiff's 2005 charge alleges both that Defendant has not complied with the

EEOC's order from the earlier charge (*id.* at p.2), and that Defendant has created a

"continuous and constant hostile work environment" for him in retaliation for that earlier

charge (Docket No. 1-1, p.26).  Defendant's EEO office initially dismissed the 2005

4

charge for failure to state a claim, believing it to be a challenge to Defendant's then-recent union settlement regarding overtime practices. (*Id.* at p.28-29.) The EEOC overturned the dismissal on administrative appeal, finding that the claim concerned denial of overtime as retaliation for the 1994 charge rather than denial of overtime related to the union settlement. (*Id.* & Docket No. 1-2.)

Plaintiff's 2005 charge was then subsumed into a pending administrative class action challenging Defendant's overtime practices with regard to disabled employees. (Docket No. 1, p.3.) At the conclusion of that administrative class action, Plaintiff attempted to appeal the result, but was told by the EEOC that his appeal would not be considered. (Docket No. 8, p.3.) Plaintiff alleges that the EEOC's refusal to hear his appeal is in error, and that the notices he was given regarding the administrative class action failed to advise him fully of the binding nature of the class action. (*Id.*)

### Other Administrative Records

Defendant's Rule 12(b)(1) argument rests on Plaintiff's alleged failure to exhaust administrative remedies. In support of this argument, Defendant offers administrative records establishing the following.

On May 17, 2007, Administrative Judge David Simonton subsumed Plaintiff's disability-based charge into a pending administrative class action, the Pittman Class Action. (Docket No. 24-1.) The portions of Plaintiff's charge based on national origin and on retaliation were held in abeyance, pending resolution of the disability-based claims. (*Id.*) According to the order, Plaintiff had no choice as to the subsumed portion

of his charge; as to the rest of it, he had a choice whether to hold those matters in abeyance or to proceed, and he elected abeyance.  (*Id.*)[1]

In October 2013, the Pittman Class Action settled for a class settlement fund of $17.25 million.  (Docket No. 24-2.)  The settlement agreement, as relevant here, provided the following timelines:

- A class administrator would send a Notice of Resolution to all class members within 10 calendar days of the Administrative Judge granting preliminary approval to the settlement.  (*Id.* at 9, 11.)

- Class members would have 30 days to file objections.  (*Id.*)  "Objections received after the 30-day limitations period [would be] considered only with good cause as determined by the assigned EEOC Administrative Judge."  (*Id.* p.11.)

- Defendant and class counsel for the Pittman Class Action would then have 30 days to file responses to the objections.  (*Id.*)

- Within 14 days of the Administrative Judge's final approval of the settlement, Defendant would send a Notice of Final Agency Action to the class members, along with Claim Forms and Releases.  (*Id.* at 12.)

- Class members would then have 45 days to return claim forms.  (*Id.* at 13.)

On October 23, 2013, the Administrative Judge preliminarily approved the settlement.  (Docket No. 24-3.)  The Notice of Resolution, sent to all class members prior to final approval of the settlement, was 8 pages long—not including the 5-page claim form and release.  (Docket No. 24-2, pp.24–36.)  The notice contained extensive explanation of the rights and duties of class members, and the options (file a claim,

---

[1] The EEOC File Number for Plaintiff's 2005 charge, at least at this stage of proceedings, appears to be 541-2007-00016X.  The order subsuming part of the charge and holding the rest in abeyance also denies Defendant's motion to consolidate Plaintiff's case with another EEOC File Number, 541-2007-00058X.  Neither party offers any explanation of what that second case relates to.  (*See* Docket No. 24-1, p.4.)

6

object, or do nothing) before them.  Notably, the notice also included the following

sections:

## 1.    Why did I get this notice package?

You are receiving this Notice of Resolution because you were identified by the USPS as a Potential Class Member in the EEOC case known as *Pittman v. Donahoe* pending before Judge Mulligan.

The Settlement Agreement resolves all Potential Class Members' claims regarding the Challenged Practice in this case.  The Challenged Practice in this case is that the USPS allegedly restricted the duty hours of disabled Permanent Rehabilitation Employees in violation of the Rehabilitation Act, between March 24, 2000 and December 31, 2012.  On October 23, 2013, Judge Mulligan issued an Order Granting Preliminary Approval of the Settlement Agreement, but the Settlement will not be final and effective until the EEOC Administrative Judge grants Final Approval, the Agency issues its Notice of Final Agency Action, and all related actions and appeals have been resolved.

This Notice of Resolution describes the Settlement Agreement.  Under the Settlement Agreement, each Potential Class Member may file a Claim Form and Release to receive compensation.  According to the USPS' records, you are a Potential Class Member who may be eligible to receive compensation under the Settlement.

Your rights may be affected if final approval of the Settlement Agreement is granted by Judge Mulligan.  This is your only time to submit any objections you may have to the terms of the Settlement Agreement.  If you want to object to the Settlement, your written objections must be mailed within thirty (30) days of receipt of this Notice of Resolution. . . .

. . .

## 7.    If I don't agree with the terms of the Settlement, how do I tell the Administrative Judge?

If you are a Potential Class Member, you may object to the Settlement Agreement if you don't agree with the terms of any part of the Settlement Agreement. Your objection should state why you think the EEOC Administrative Judge should not approve the Settlement Agreement. . . .

. . .

**12.      What am I giving up by submitting and [sic] Claim Form and Release to obtain a Settlement Share?**

If the EEOC grants final approval of the Settlement Agreement as proposed by the Parties, you will forfeit your right to initiate or pursue any individual claim arising out of the Challenged Practice during the Class Period that is similar to the claims contained in this Case.  This means that, as of the date the EEOC grants final approval of the Settlement, any similar claims that you may have will be extinguished; and the Postal Service will be forever released from liability to you for those claims.

However, this Release of Claims against the Postal Service will apply regardless of whether you submit a Claim Form and Release.  While your claims will be released whether or not you submit a Claim Form and Release, as noted above, you will forfeit your right to any money damages under the terms of this Settlement Agreement unless you submit a Claim Form and Release.  If the EEOC does not approve the Settlement Agreement, you will not receive a Claim Form and Release, nor will you receive any compensation pursuant to the Settlement Agreement.

. . .

**14.      Can I exclude myself from the Settlement Agreement if it is approved?**

Pursuant to the EEOC regulations, there is no right to exclude yourself from the Class in this Case or the Settlement.  However, the EEOC does not require that you participate in the Settlement.

(Docket No. 24-2, pp. 25, 28, 30–31.)

On April 4, 2014, the Administrative Judge finally approved the settlement agreement, listing 50 individuals who filed objections and addressing those objections in varying degrees of detail.  (Docket No. 24-4.)  Plaintiff is not listed as an individual who filed an objection.  (*Id.* at 26–27.)

On May 27, 2014, Plaintiff filed an appeal to the EEOC that the EEOC treated as a challenge to the settlement agreement.  (Docket No. 24-5.)  The EEOC first noted that Plaintiff did not file a timely objection to the preliminary settlement agreement.  (*Id.* at 3.)

8

The EEOC then went on to address the merits of the matter, concluding that the

Administrative Judge did not abuse her discretion in approving the settlement

agreement.  (*Id.*)  Plaintiff moved for reconsideration, but the EEOC affirmed itself on

April 22, 2015—marking the end of the administrative road for Plaintiff, and the

beginning of his 90-day clock to file a civil action in this Court.  (Docket No. 1, pp.9–12.)

### Discussion

**I.**   **Plaintiff's claims based on national origin or retaliation**

Defendant first argues, under Rule 12(b)(6), that Plaintiff fails to plausibly allege

facts giving rise to an inference of discrimination based on national origin or retaliatory

animus.

Title VII makes it unlawful "to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions,

or privileges of employment, because of such individual's race, color, religion, sex, or

national origin."  42 U.S.C. § 2000e-2(a)(1).  A plaintiff proves a violation of Title VII

either by direct evidence of discrimination or by following the burden-shifting framework

of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  To set forth a prima facie

case of discrimination under *McDonnell Douglas*, a plaintiff must establish that: (1) he is

a member of a protected class; (2) he suffered an adverse employment action; (3) he

was qualified for the position at issue; and (4) he was treated less favorably than others

not in the protected class.  *Sanchez v. Denver Pub. Sch.*,164 F.3d 527, 531 (10th Cir.

1998).

9

Plaintiff has not plausibly pleaded facts giving rise either to a direct inference of discrimination or the elements of a prima facie case under *McDonnell Douglas*. As to direct evidence, the complaint—including the documents attached to it by Plaintiff, *see* Fed. R. Civ. P. 10(c)—is wholly bereft of any suggestion, mention, or hint of specific facts showing discrimination based on Plaintiff's Native American heritage or Hispanic ethnicity. Further, in response to Defendant's motion to dismiss, Plaintiff points to no specific facts that he *could* have alleged. Instead, he argues only that he "perceived" the agency's actions as being related to his national origin. (Docket No. 31, p.4 ("As to [counsel's] statement of being discriminated against due to being a Native American employee, it was plaintiff[']s perception that plaintiff was being treated in a discriminatory way. Not only due to the fact that plaintiff is partially disabled, but because plaintiff is not white, and has long hair and besides being, looks Native American.").) Without specific factual content from which the Court could reasonably infer discrimination based on national origin, this is insufficient to state a claim.

As to *McDonnell Douglas*, Plaintiff has not alleged anywhere in his Complaint, shown through documents attached to his Complaint, facts suggesting that disabled non-Native Americans were not subject to the same overtime restrictions he was subject to. Accordingly, he has not pleaded the fourth element of a prima facie case.

The exact same analysis applies to Plaintiff's retaliation claim. *See Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004) (applying the *McDonnell Douglas* framework to Title VII retaliation claims). The Complaint (including the documents attached to it) include no facts from which the Court could reasonably infer either (1)

direct evidence of retaliatory intent, or (2) disabled coworkers who had not engaged in protected activity and who were not subjected to the same overtime limitations as Plaintiff.

Accordingly, insofar as Plaintiff's Complaint alleges discrimination based on either national origin or retaliatory animus, it is hereby dismissed under Rule 12(b)(6).

## II.   **Plaintiff's claims based on disability**

Defendant next argues that, under Rule 12(b)(1), Plaintiff has not exhausted his administrative remedies as to disability-based discrimination because he did not file a timely objection to the settlement agreement.

Defendant's argument misunderstands the exhaustion doctrine.  As the Tenth Circuit has recently explained:

> Before filing suit under Title VII, a private plaintiff must exhaust administrative remedies.  Each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted.  Two components of the exhaustion requirement are at issue in this case.  The first relates to the content of the administrative charge.  To establish exhaustion, a Title VII plaintiff must show that the claim is within the scope of the administrative investigation that could reasonably be expected to follow from the allegations raised in the charge.  Thus, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim.  Second, the plaintiff must submit the administrative charge in a timely fashion.  Exhaustion serves the dual purposes of protecting employers by giving them notice of the discrimination claims being brought against them and providing the EEOC or EEO office with an opportunity to conciliate the claims.

> In this circuit the failure to comply with the first component of exhaustion deprives the court of jurisdiction.  But the untimeliness of an administrative claim, although an exhaustion issue, is not jurisdictional.

*Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014) (internal citations, quotation

marks, and alterations omitted), *cert. granted on other grounds*, 135 S. Ct. 1892 (2015).

The Tenth Circuit bases this distinction on the EEOC's discretion to accept untimely

complaints:

> . . . This is not an uncomplicated matter.  We have held that the
> exhaustion of administrative remedies is a jurisdictional prerequisite to suit
> under Title VII.  However, we were careful to distinguish . . . between a
> failure to *timely* file an administrative charge, which is not jurisdictional,
> and a failure to file an administrative charge at all, which is a jurisdictional
> bar.
>
> As set out above, the regulations governing discrimination
> complaints against federal agencies require an aggrieved person to
> consult with an EEO counselor within forty-five days of the alleged
> discrimination.  The regulations also provide that this forty-five day limit is
> to be extended under certain circumstances.
>
> > The agency or the Commission *shall* extend the 45–day time
> > limit in paragraph (a)(1) of this section when the individual
> > shows that he or she was not notified of the time limits and
> > was not otherwise aware of them, that he or she did not
> > know and reasonably should not have been[sic] known that
> > the discriminatory matter or personnel action occurred, that
> > despite due diligence he or she was prevented by
> > circumstances beyond his or her control from contacting the
> > counselor within the time limits, *or for other reasons
> > considered sufficient by the agency or the Commission.*
>
> 29 C.F.R. § 1614.105(a)(2) (2001) (emphasis added).  The regulation thus
> provides that if the aggrieved person meets the circumstances set out
> therein, either the agency or the Commission *must* extend the time limit,
> and vests both the agency and the Commission with discretion to extend
> the limit for reasons other than those contained in the regulation itself.  . . .
> [T]he regulation clearly indicates that compliance with the forty-five day
> time limit is not a matter of jurisdiction, but rather may be tolled in the
> appropriate circumstances.

*Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002).

12

The situation here is much the same as in *Sizova*.  The regulation Defendant relies upon requires that class members be given notice of a 30-day period for objecting to a proposed settlement—but outside of describing the contents of the notice, the regulation does not affirmatively set any actual deadline.  *See* 29 C.F.R. § 1614.204(g)(4) ("It shall state that within 30 days of the date of the notice of resolution, any member of the class may petition the administrative judge to vacate the resolution because it benefits only the class agent, or is otherwise not fair, adequate and reasonable to the class as a whole.").  The settlement agreement itself *did* set a deadline of 30 days—but it also allowed that deadline to be extended for good cause at the Administrative Judge's discretion.  (Docket No. 24-2, p.11 ("Objections received after the 30-day limitations period will be considered only with good cause as determined by the assigned EEOC Administrative Judge.").)  The objection deadlines cannot in any way be described as jurisdictional.  Rather, it is a deadline subject to tolling, estoppel, and waiver.

Here, the EEOC waived the deadline by reaching the merits of Plaintiff's appeal. Although the EEOC noted that timeliness "is grounds to dismiss the instant appeal," it nonetheless went on to affirm the Administrative Judge on merits.  (Docket No. 24-5.) In the analogous context of appeals from immigration judges, the Tenth Circuit explicitly held that a claimant exhausts administrative remedies if the agency reaches the merits of the dispute:

> [W]hile [the statute] requires that an alien exhaust "all administrative remedies," the BIA has the authority to determine its agency's administrative procedures.  If the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the

> issue as far as the agency is concerned and that is all [the statute] requires to confer our jurisdiction.  Where the BIA determines an issue administratively-ripe to warrant its appellate review, we will not second-guess that determination.  Indeed, it is a touchstone of administrative law that "the formulation of procedures [is] basically to be left within the discretion of the agencies to which Congress had confided the responsibility for substantive judgments."  *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 524 (1978).  Administrative agencies "should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties."  *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 143 (1940).  *Cf. Weinberger v. Salfi*, 422 U.S. 749, 767 (1975) (holding that an agency may waive internal exhaustion requirements).

*Sidabutar v. Gonzales*, 503 F.3d 1116, 1119–20 (10th Cir. 2007).  This District has applied the waiver rule in the specific context of Title VII complaints.  *Estes v. Vilsack*, No. 11-CV-03109-PAB-MJW, 2012 WL 4466549, at *5 (D. Colo. Sept. 27, 2012).

The Court finds that Plaintiff has not failed to exhaust his administrative remedies—because the deadlines at issue here are non-jurisdictional, and because the EEOC addressed the matter on the merits.  Defendant makes no other argument as to Plaintiff's disability-based claim.[2]  Accordingly, Defendant's motion is denied as to disability-based discrimination.

### Motion to Intervene

The Court agrees that class counsel has a claim or defense that shares a common question of law or fact with Plaintiff's disability-based claim.  Fed. R. Civ. P. 24(b)(1)(B).  Further, because Plaintiff's claim concerns the administrative class action

---

[2] Defendant does include a brief, inconclusive footnote regarding subject-matter jurisdiction in the event the Court declines to dismiss on exhaustion grounds.  (Docket No. 24, p.13 n.7.)  Defendant is free to raise this matter on summary judgment or in some other filing.  But this footnote is much too cursory—failing even to come to a conclusion on the question presented—to be decided at this point.

settlement fund, intervention is probably available as of right.  Fed. R. Civ. P. 24(a)(2).

Accordingly, class counsel's motion to intervene is granted.

### Orders

For the foregoing reasons, it is hereby ORDERED that:

- Defendant's Motion to Dismiss (**Docket No. 24**) is DENIED IN PART, as to disability-based discrimination, and GRANTED IN PART, as to discrimination on based on national origin or retaliation; and

- The Motion to Intervene (**Docket No. 32**) is GRANTED.


Dated:        November 9, 2015              */s/ Michael J. Watanabe*
              Denver, Colorado              Michael J. Watanabe
                                            United States Magistrate Judge