IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01523-MJW

ROBERT W. SANCHEZ,

Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster General, U.S. Postal Service,

Defendant.

## ORDER ON

**PARTIAL MOTION TO DISMISS AMENDED COMPLAINT (Docket No. 75);**

**MOTION TO COMPEL DISCOVERY (Docket No. 77);**

**UNOPPOSED MOTION FOR EXTENSION OF DISCOVERY CUTOFF DATE AND DISPOSITIVE MOTION DEADLINE (Docket No. 86)**

**&
ORDER DISMISSING CASE**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff has been pursuing an employment-discrimination complaint through an administrative maze for over a decade. He asserts three theories of discrimination. Two theories—racial and retaliatory discrimination—are not plausibly pleaded and must be dismissed under Fed. R. Civ. P. 12(b)(6). The third theory is disability discrimination, and it is very plausibly pleaded. But that claim was subsumed into an administrative class action by the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff has refused either to participate in the settlement of that class action or to challenge it. Instead, Plaintiff seeks to bring his claim in this Court, separately. The Court concludes

that it has no subject-matter jurisdiction to hear a claim in this procedural posture—and therefore, that this claim must be dismissed under Fed. R. Civ. P. 12(b)(1).

## Factual Background

Plaintiff is disabled for purposes of the Rehabilitation Act. He has filed two discrimination charges with the EEOC: one in 1994, and one in 2005. Both charges asserted discrimination based on Plaintiff's race/national origin and also based on his disability. Plaintiff won on the 1994 charge to the extent it was based on disability. Plaintiff lost on the charge to the extent it was based on race or national origin.

Plaintiff's 2005 charge is the one now before the Court, more than ten years after it was filed. It alleges (1) that Defendant has not complied with the EEOC's order from the 1994 case, (2) that Defendant has created a retaliatory hostile work environment in response to that 1994 case, and (3) that Defendant also discriminated against Plaintiff on the basis of race and national origin. In 2007, the EEOC "subsumed" Plaintiff's claim as to compliance with the 1994 order into the "Pittman Class Action," a then-pending administrative class action challenging Defendant's overtime practices with regard to disabled employees. The other portions of Plaintiff's charge—the claims based on race or national origin, and on retaliation—were held in abeyance, pending resolution of the disability-based claims.

In 2014, an administrative judge approved a settlement of the Pittman Class Action. Plaintiff filed no objections to the fairness of the settlement, and did not participate in the settlement as a class member. He then filed an administrative appeal, which the EEOC denied—treating it as an untimely objection to the class settlement and

affirming the administrative judge's approval of the settlement. Plaintiff then brought this lawsuit, asserting all of his original theories from the 2005 charge.

## Procedural Background

The record does not reveal if Plaintiff ever administratively revived the claims that were held in abeyance, but Defendant has not challenged those claims for lack of administrative exhaustion. Defendant instead moved to dismiss the non-disability-based theories for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court agreed and dismissed those claims. (Docket No. 35, pp.8-10.)

Defendant also sought to dismiss any challenge to the class settlement for failure to exhaust administrative remedies. The Court disagreed, viewing the EEOC's decision to address Plaintiff's appeal on the merits as a waiver of any procedural default. (Docket No. 35, pp.10-13.) Following further proceedings, Plaintiff made it clear that he does not seek to challenge the settlement of the Pittman Class Action in this lawsuit. Rather, he seeks to assert only his own individual claims from the 2005 charge, separately from the class action. (*See* Docket Nos. 58, 60, & 62.) Plaintiff filed an Amended Complaint to reflect this intent (Docket No. 64), and judgment entered under Fed. R. Civ. P. 54(b) dismissing any challenge to the class settlement (Docket No. 66).

Defendant has moved to dismiss the Amended Complaint to the extent it re-asserts any claims based on racial or national-origin discrimination. (Docket No. 75.) Plaintiff objected to the motion (Docket No. 83), and Defendant filed an untimely reply (Docket No. 87). The main gravamen of the Amended Complaint is disability discrimination, and Defendant filed an Answer to that claim. (Docket No. 76.) However,

based on a footnote in Defendant's initial motion to dismiss (Docket No. 24, p.13 n.7), the Court ordered the parties to brief the Court's subject-matter jurisdiction over Plaintiff's disability-discrimination theory (Docket No. 65). The parties have now done so. (Docket Nos. 82 & 85.)

The parties have consented to magistrate jurisdiction for all purposes under 28 U.S.C. § 636(c). (Docket Nos. 28 & 30.) The Court has reviewed the parties' filings, taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, regulations, and case law. Now being fully informed, the Court dismisses this case.

## **Discussion**

As a preliminary matter, the Court granted Defendant's initial motion to dismiss as to race, national-origin, and retaliation theories because nothing in the Complaint supported any inference of either (1) direct proof of such animus, or (2) indirect proof thereof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). (Docket No. 35.) The Amended Complaint makes no improvement on this score. As a result, Defendant's Partial Motion to Dismiss Amended Complaint (Docket No. 75) is GRANTED for the same reason.

As to Plaintiff's claim of disability discrimination, a Rehabilitation Act claimant must exhaust the procedures for administrative remedies. *Hung Thai Pham v. James*, 630 F. App'x 735, 737 (10th Cir. 2015). Failure to do so requires dismissal, unless the procedural rule is both (1) non-jurisdictional and (2) waived or forfeited. *Gad v. Kansas State Univ.*, 787 F.3d 1032 (10th Cir. 2015). Here, the Court has already ruled that

5

Plaintiff's claim was exhausted, insofar as he sought to challenge the administrative class action settlement. (Docket No. 34.) But Plaintiff has now clarified that he doesn't seek to challenge the settlement; instead, he seeks to present his individual claims independently of the class action.[1] The case thus turns on whether he can do so—or, more accurately, whether his attempt to do so has been administratively exhausted.

The EEOC has promulgated rules governing how it handles class complaints. *See* 29 C.F.R. § 1614.204. For purposes of implementing its regulations, the EEOC has also issued Management Directive 110; Chapter 8 addresses administrative class actions. *See* EEOC, EEO MANAGEMENT DIRECTIVE 110, ch. 8 (Aug. 5, 2015), *available at* http://tinyurl.com/l5om857. The Tenth Circuit has recently explained how to approach such administrative pronouncements:

> In interpreting the relevant regulations, we apply the same rules we use to interpret statutes. We begin by examining the plain language of the text, giving each word its ordinary and customary meaning. If, after engaging in this textual analysis, the meaning of the regulations is clear, our analysis is at an end, and we must enforce the regulations in accordance with their plain meaning.
>
> If, by contrast, the meaning of the regulations is not plain, we defer to the [agency]'s reasonable interpretations . . . unless plainly erroneous or inconsistent with the regulations, or there is any other reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question.

---

[1] Dismissal is required if <u>either</u> the regulations at issue are jurisdictional <u>or</u> they have not been waived or forfeited. *Hung Thai Pham v. James*, 630 F. App'x 735 (10th Cir. 2015). Defendant has preserved the issue by raising it in its initial motion to dismiss. The Court's earlier order found the issue to be forfeited, but that holding was based on a misapprehension of Plaintiff's claim—believing Plaintiff intended to challenge the settlement, rather than assert independent claims. That misapprehension is grounds for reconsideration of the Court's prior order. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, the Court need not decide whether the regulation at issue is jurisdictional in nature. *Hung Thai Pham*, 630 F. App'x at 737.

...

6

*Mitchell v. Commissioner of Internal Revenue*, 775 F.3d 1243, 1249 (10th Cir. 2015) (explaining deference under *Auer v. Robbins*, 519 U.S. 452 (1997)). Thus, if § 1614.204 plainly speaks to matter at hand, the Court must apply the regulations as written. If they do not speak plainly to the question, the Court must apply Management Directive 110 unless there is some reason to deny it *Auer* deference.

The regulation prescribes how a class is to be certified and how class members are to be notified, § 1614.204(a)-(e), but it is entirely silent on whether putative members have a right to opt out of the class. It sets forth a process for class members to object to a proposed settlement. § 1614.204(g)(4). It gives administrative judges the authority to consider such objections, to reject or approve class settlements, and to bind all members of the class to a settlement. § 1614.204(g)(2), (4). The regulation does not explicitly mention any right to appeal an adopted class settlement. *See id.* For cases that proceed on the merits, the regulation further sets forth procedures for individual claimants in the class, following agency final action on class-wide matters. § 1614.204(*l*). That provision explains the path forward for individual complaints when class-wide discrimination is not found, § 1614.204(*l*)(2), and when class-wide discrimination is found, § 1614.204(*l*)(3). Aside from these provisions for claimants *participating* in a class, the regulation says nothing relevant about individual claims.

Management Directive 110 is more explicit. It states that "[i]f a class complaint is certified, all individual complaints that raise claims identical to the definition of the class claim(s) shall be subsumed within the class complaint." EEO MANAGEMENT DIRECTIVE 110, ch. 8, sec. III. The directive goes on to provide:

C. Individuals May Not Opt Out

> The class members may not "opt out" of the defined class; however, they do not have to participate in the class or file a claim for individual relief. All class members will have the opportunity to object to any proposed settlement and to file claims for individual relief if discrimination is found.

*Id.*, sec. VI. This is unequivocal, although the language about "not hav[ing] to participate in the class" could be explained better.[2] Management Directive 110 provides claimants a right to appeal the decision to subsume their claims into the class action. *Id.*, sec. III(b). But to the extent the issues are "identical," the claims will be subsumed nonetheless. *Id.*, sec. III n.2. The directive explicitly sets out an appellate procedure, for those who object to an administrative judge's approval of a class settlements. *Id.*, sec. VIII(C)(3).

The Court sees no reason why Management Directive 110 is not entitled to *Auer* deference on this matter. Two Circuits have afforded the directive deference as to another EEOC regulation. *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1045 (9th Cir. 2009); *Culpepper v. Schafer*, 548 F.3d 1119 (8th Cir.2008). Here, as in those cases, the provisions of the directive are not plainly erroneous, contrary to the regulation, or contrary to the applicable statutes. Importantly, they leave Plaintiff with multiple opportunities to appeal the administrative decisions. Thus, the Court will treat Management Directive 110 as a binding interpretation of § 1614.204.

---

[2] In context, the language appears to mean that individuals can choose to forego compensation altogether—in other words, that they can walk away from their claims. Given the title "Individuals May Not Opt Out" and the first clause in the sentence, the clause about not "participating" clearly cannot mean that individuals may pursue their claims separately—even if a non-lawyer like Plaintiff might read it that way.

8

Accordingly, Plaintiff's routes to individual relief on his disability claim were (1) to appeal the 2007 decision to subsume his claims into the Pittman Class Action, or (2) to participate in the class, including the process for appealing a class settlement.  *Cf. Rahman v. Vilsack*, 673 F. Supp. 2d 15 (D. D.C. 2009) (claimant specifically *excluded from* terms of class settlement agreement had exhausted administrative remedies and could pursue individual claims).  Neither route would have allowed him to retain individual claims if (1) his claims were, in fact, identical to those in the Pittman class, and (2) the Pittman Class settlement was, in fact, fair and reasonable.  But those routes would have at least allowed judicial review of those two questions.

Plaintiff did not do the first, and he has disclaimed any intent to do the second.  As a result, he has not exhausted his administrative remedies and this Court lacks jurisdiction over the case.

## Orders

For the foregoing reasons, it is hereby ORDERED that:

- Defendant's Partial Motion to Dismiss Amended Complaint (Docket No. 75) is GRANTED;
- Plaintiff's claims are therefore DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 12(b)(6) to the extent they are based on retaliation or racial/national-origin discrimination;
- Plaintiff's claims are *sua sponte* DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 12(b)(1) to the extent they are based on disability discrimination;

9

- The pending motions at Docket No. 77 and Docket No. 86 are DENIED AS MOOT; and

- This case is dismissed in its entirety.

Dated:   April 11, 2016            */s/ Michael J. Watanabe*
         Denver, Colorado          Michael J. Watanabe
                                   United States Magistrate Judge